IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Morris and Anthony Morris, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Mortgage Contracting Services, )<br>LLC; Carrington Mortgage Services, )<br>LLC; and Wilmington Savings Fund )<br>Society, FSB, as trustee of Stanwich )<br>Mortgage Loan Trust A, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:18-cv-2272-BHH<br><br>**ORDER** |

On June 10, 2020, the Court entered an order holding in abeyance Defendant Mortgage Contracting Services, LLC's ("MCS") motion for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and granting Plaintiffs Darrell Morris and Anthony Morris ("Plaintiffs") thirty days to file a motion to amend their complaint along with a proposed amended complaint. On July 13, 2020, Plaintiffs filed their motion to amend and proposed amended complaint, and the matters are ripe for review.

**BACKGROUND**

In their proposed amended complaint, Plaintiffs allege they are heirs to the estate of their father, Levern Morris, who owned property located at 237 West Poplar Street in Charleston, South Carolina. (ECF No. 31-1 ¶¶ 1-2.) Plaintiffs allege that Anthony Morris has been living at the property since May 28, 2012; that it is his permanent home; and that both brothers "are owners of the home." (Id. ¶ 3.) According to Plaintiffs, the property slipped into foreclosure following their father's death, and a foreclosure action was filed.

*See Citifinancial Servicing, LLC v. Louise Morris, et. al.*, No. 2016-CP-10-5357.  (*Id.* ¶ 4.) Plaintiffs further allege that in January of 2018, while the foreclosure action was pending, Defendant MCS placed a note on the property indicating that it had been abandoned, and later placed another "no trespassing" note on the property and changed the locks.  (*Id.* ¶¶ 5, 10.)  Plaintiffs allege that Defendants illegally entered the property and ransacked the home, and Plaintiffs' proposed amended complaint includes the following causes of action: (1) negligence and gross negligence; (2) trespass pursuant to S.C. Code § 15-67-610; (3) forcible entry and detainer pursuant to S.C. Code § 15-67-410; (4) invasion of privacy; and (5) nuisance pursuant to S.C. Code § 15-43-20.

This Court previously granted a motion to dismiss filed by Defendants Carrington Mortgage Services, LLC, and Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A.  In the order, the Court explained:

> . . . Plaintiffs' complaint alleges that they are brothers and are heirs to the property, and that they "now" own it, [but] the complaint does not allege that they had ownership or other sufficient legal interest in the property at the time of the complained-of acts in January of 2018.  Likewise, Plaintiffs' complaint suffers from the following deficiencies: with respect to a claim for forcible entry and detainer, the complaint does not allege forcible removal or prevention of reentry; with respect to a claim for intentional interference with a contractual relationship, the complain[t] does not allege that Plaintiffs are parties to the subject mortgage contract or the existence and procurement of another's breach of the contract; with respect to a claim for invasion of privacy, the complaint does not allege facts showing an intentional intrusion, or a "substantial and unreasonable" intrusion; and with respect to a claim for nuisance, the complaint does not allege continuous or potentially repetitive interference.  Because Plaintiffs have failed to plead sufficient facts to support the elements of their claims, the Court grants Defendants' motion to dismiss.  However, in the interest of fairness, the Court will do so without prejudice to Plaintiffs' ability to re-file should they be able to support their claims with sufficient factual allegations.

(ECF No. 15 at 3.)

In the Court's more recent order dated June 10, 2020, the Court again concluded that Plaintiffs' initial complaint offered no allegations to show that Plaintiffs had a sufficient possessory interest in the property during the administration of the estate to maintain a cause of action for trespass, and the Court found the claim subject to dismissal as it was pleaded. In addition, the Court found the remainder of Plaintiffs' initially pleaded claims subject to dismissal for the same reasons the Court granted the other Defendants' prior motion to dismiss. Specifically, the Court noted that Plaintiffs' initial claim for forcible entry and detainer did not allege forcible removal or prevention of reentry; Plaintiffs' initial claim for invasion of privacy did not allege facts showing an intentional intrusion or a "substantial and unreasonable" intrusion likely to result in serious mental or physical injury or humiliation, particularly in light of the fact that Plaintiffs admit having knowledge of the pending foreclosure action; and Plaintiffs' initial claim for nuisance did not allege continuous or repetitive conduct. In the interest of fairness, however, the Court granted Plaintiffs thirty days to file a motion to amend their complaint along with a proposed amended complaint in an attempt to cure the noted deficiencies.

## STANDARDS OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). To deny a motion to amend for futility, the amendment

3

must be "clearly insufficient on its face." *Oroweat Foods Co.*, 785 F. Supp. 2d at 819.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). However, the Court "need not accept allegations that 'contradict matters properly subject to judicial notice or [by] exhibit.' " *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006).

## DISCUSSION

Here, after a careful review of Plaintiffs' proposed amended complaint, the Court denies Plaintiffs' motion to amend for futility because the proposed amended complaint continues to suffer from the same defects previously identified by the Court in its prior orders. In other words, the Court finds that Plaintiffs' proposed amended complaint is

"clearly insufficient on its face." *Oroweat Foods Co.*, 785 F. Supp. 2d at 819.

Specifically, as MCS points out in response to Plaintiffs' motion, Plaintiffs still do not allege a sufficient possessory interest in the property at the time of the alleged incident to allege a facially plausible claim for trespass; rather, Plaintiffs continue to argue that their status as heirs to the property made them "owners" of the property when the alleged incident occurred. (ECF No. 31-1 ¶¶ 15-16.) As the Court previously explained, however, the Deed of Distribution dated June 20, 2018, effectively disproves Plaintiffs' argument, as the law of South Carolina is clear that the personal representative of an estate takes possession and control of real property during the administration of an estate.

Likewise, with respect to Plaintiffs' proposed claim for negligence and gross negligence, Plaintiffs' amended complaint fails to include facts to show that Defendant MCS owed them any particular legal duty at the time of the complained-of events.

Finally, as to Plaintiffs' claims for forcible entry and detainer, invasion of privacy, and nuisance, the Court finds that Plaintiffs' proposed amended complaint fails to cure the deficiencies the Court identified in its previous orders. First, Plaintiffs' allegation that Defendant MCS "used force by initially breaking into the home and, with a strong hand, replaced the locks on the home preventing reentry for Plaintiffs without force" is insufficient to state a plausible claim under S.C. Code ¶ 15-67-410, as "[a]n entry which has no force other than such as is implied in every trespass is not within the statute." *Barbee v. Winnsboro Granite Corp.*, 190 S.C. 245, 2 S.E.2d 737, 739 (1939); *see also Parker v. Shecut*, 349 S.C. 226, 229, 562 S.C.2d 620, 622 (2002). Plaintiffs do not allege that they were at the home at the time of the alleged incident, or, as previously explained, that they had legal possession of the property at the time of the incident, and the Court finds

5

Plaintiffs' claim as pleaded in the proposed amended complaint insufficient.

Next, as to Plaintiff's proposed amended claim for invasion of privacy, the Court finds that the facts alleged do not indicate a "blatant and shocking disregard" for Plaintiffs' rights likely to result in "serious mental or physical injury or humiliation." *Rycroft v. Gaddy*, 281 S.C. 119, 124-25, 314 S.E.2d 39, 43 (Ct. App. 1984). As previously explained, Plaintiffs have not identified a sufficient possessory interest in the property at the time of the incident, but even so, the allegations of Plaintiffs' amended complaint indicate that Plaintiffs were aware of the pending foreclosure action and knew that Defendant MCS was taking steps on behalf of the mortgage lender.

Lastly, as to Plaintiffs' proposed nuisance claim, the Court again finds that the conclusory allegations that MCS "interfered with Plaintiffs['] use and enjoyment of their property," and that "the illegal actions of the Defendant lend themselves to repetition" (ECF No. 31-1 at 8) fail to state a plausible claim under S.C. Code § 15-43-20. Plaintiffs' allegations relate to a private residence, and not a public nuisance, and Plaintiffs' claim does not involve a continuing event or act, or a single event that causes a continuing or regularly repeating result. *Sanders v. Norfolk S. Ry. Co.*, 400 F. App'x 726, 729 (4th Cir. 2010).

## **CONCLUSION**

For the foregoing reasons, the Court finds that it would be futile to permit Plaintiffs to file their proposed amended complaint, as the proposed pleading does not cure the deficiencies identified in this order and in the Court's previous orders dated December 11, 2018, and June 10, 2020 (ECF Nos. 15 and 27, respectively). Accordingly, for the reasons set forth herein and in the Court's prior orders, the Court denies Plaintiffs' motion to amend

their complaint (ECF No. 31); the Court grants Defendant MCS's motion for judgment on the pleadings (ECF No. 24); and this matter is ended.

    **IT IS SO ORDERED.**

                                                               /s/Bruce H. Hendricks
                                                               The Honorable Bruce Howe Hendricks
                                                               United States District Judge

August 19, 2020
Charleston, South Carolina